# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON HUMES, | No. 2:18-cv-01786-GGH |
| Petitioner, | ORDER |
| v. | |
| BEULER, | |
| Respondent. | |

Petitioner filed a petition for writ of habeas corpus on June 21, 2018. ECF No. 1. He appears pro se. There are, however, deficiencies in the petition that will require that this court dismiss it at this point but with leave to amend in conformity with the requirements outlined in this Order.

*IN FORMA PAUPERIS*

Petitioner has neither submitted an appropriate application to proceed with his petition in forma pauperis nor has he paid the filing fee required by this court in lieu thereof. He does indicate that he wishes to so proceed, ECF No. 1 at 5, so the court will provide him with the application form used in this court for him to complete and to file, along with any amended petition he may choose to file.

////
////

1

*PREFILING REQUIREMENTS*

The exhaustion of state court remedies is a prerequisite to the granting of a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b)(1). "Under the exhaustion requirement, a habeas petitioner challenging a state conviction must first attempt to present his claim in state court." Harrington v. Richter, 562 U.S. 86, 103 (2011); see also O'Sullivan v. Boerckel, 526 US. 838, 845 (1999)("the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts"). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 1021 (1986). For a California prisoner to exhaust, he must present his claims to the California Supreme Court on appeal in a petition for review or on post-conviction in a petition for a writ of habeas corpus in which he adequately describes the federal Constitutional issue that he asserts he was denied. See Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999).

Petitioner asserts that he has presented his claim within the jail review system by way of a First Administrative Appeal, ECF No. 1 at 3, but gives no indication that any state court, let alone the California Supreme Court, has had an opportunity to review his situation and determine whether he is entitled to a writ. Thus, if he files an amended petition that reflects that he has not engaged in the exhaustion procedure that will entitle him to a review by this federal court, he will be given the opportunity to seek stay and abeyance of his federal petition to permit him the time and opportunity to engage in the exhaustion procedure required. See Rhines v. Weber, 544 U.S. 269 (2005). Such a stay and abeyance will preserve the federal pleading filing requirement to be pursued, if necessary, after the state courts have ruled.

*PLEADING REQUIREMENT*

To assist petitioner in meeting the factual pleading requirement for a federal habeas petition, the court will provide him with the form used in this court for such filings. This will assist him in raising the necessary factual and legal issues to satisfy the pleading requirement imposed in a federal habeas corpus proceeding.

////

*CONCLUSION*

In light of the foregoing IT IS HEREBY ORDERED that:

1. The petition is dismissed with leave to amend in conformity with the instructions in this Order;

2. The Clerk of the Court shall provide petitioner with the In Forma Pauperis form used to apply for that status in this court; and

3. The Clerk of the Court shall provide petitioner with the Habeas Corpus Petition form used to file a petition in this court.

DATED: July 3, 2018

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE