UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON HUMES<br><br>　　　　　Petitioner,<br><br>　v.<br><br>STATE OF CALIFORNIA,<br><br>　　　　　Respondent. | No. 2:18-cv-01786 TLN GGH P<br><br><u>ORDER AND FINDINGS AND RECOMMENDATIONS</u> |

Petitioner, a state pretrial detainee proceeding in pro se, has filed a writ of habeas corpus, together with an application to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. <u>See</u> 28 U.S.C. § 1915(a).

Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the instant case, it is plain from the petition and appended exhibits that petitioner is not entitled to federal habeas relief. Accordingly, this petition should be summarily dismissed.

Petitioner is incarcerated in Sacramento County Main Jail. Petitioner alleges in his amended petition that he is currently awaiting trial on a criminal charge for failure to register as s

sex offender pursuant to Pen. Code § 290.  See ECF No. 11 at 2.  For grounds for relief, petitioner states that "I'm required to PC 290 register as a sex offender.  But they keep telling me it's not even possible for me to register!  Then they arrest me for failing to register!" Id. at 3. It appears that petitioner is contesting his pending charge in state court on the basis that Pen. Code § 290 is a "continuing offense" and not a "new offense." Id. at 4.

First and foremost, a pretrial detainee is not a "person in custody pursuant to the judgment of a State court" within the meaning of 28 U.S.C. § 2254.  Instead, "the general grant of habeas authority in [28 U.S.C] § 2241 is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment-for example, a defendant in pre-trial detention or awaiting extradition." Stow v. Murashige, 389 F.3d 880, 886 (9th Cir. 2004) (internal quotation marks and citations omitted).  Here, however, petitioner does not allege a "violation of the Constitution or laws or treaties of the United States" pursuant to 28 U.S.C. § 2241(c)(3) or allegations that would fall within the meaning of 28 U.S.C. § 2241(c).

Moreover, principles of comity and federalism weigh against a federal court interfering with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. Younger v. Harris, 401 U.S. 37, 43–54 (1971). Younger abstention is required when 1) state proceedings, judicial in nature, are pending; 2) state proceedings involve important state interests; and 3) the state proceedings afford adequate opportunity to raise the constitutional issue. See Middlesex County Ethic Comm. v. Garden State Bar Ass'n., 457 U.S. 423, 432 (1982).  The rationale of Younger applies throughout the appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir.1994) (even if criminal trials were completed at time of abstention decision, state court proceedings still considered pending).  Here, petitioner has an adequate opportunity to raise potential constitutional claims in state court.  In light of principles of comity and the risk of piecemeal litigation, the undersigned concludes that the Younger doctrine requires dismissal of this action without prejudice.  See Beltran v. California, 871 F.2d 777, 782 (9th Cir.1988) ("Where Younger abstention is appropriate, a district court cannot refuse to abstain, retain

jurisdiction over the action, and render a decision on the merits after the state proceedings have ended. To the contrary, <u>Younger</u> abstention requires dismissal of the federal action.") (emphasis in original). For the aforementioned reasons, this petition should be dismissed without prejudice.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis (ECF No. 7) is granted;

2. The Clerk of the Court is directed to serve a copy of the petition filed in this case together with a copy of these findings and recommendations on the Attorney General of the State of California.

Further, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 11) be DISMISSED without prejudice; and

2. This court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.1991).

Dated: March 4, 2019

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE